UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case No. 1:12-cv-001945-LJO-SKO |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE** |
| v. | (Doc. 13) |
| MARTIN DELGADO, individually and dba CARNICERIA Y TAQUERIA DON CHUY, | |
| Defendant. | |

## I.     INTRODUCTION

On November 29, 2012, J & J Sports Productions, Inc. ("Plaintiff") filed a complaint against Defendant Martin Delgado, individually and d/b/a Carniceria Y Taqueria Don Chuy ("Defendant"), alleging four counts for violations of 47 U.S.C. §§ 553 and 605, as well as causes for action for conversion and for violation of the California Business and Professions Code 17200.  (Doc. 1.)  This suit is based on Defendant's alleged unlawful interception, and exhibition of "Good v. Evil": *Miguel Angel Cotto v. Antonino Margarito*, WBA Super World Light Middleweight Championship Fight Program ("Program"), a nationwide telecast that was broadcasted December 3, 2011.  (Doc. 13.)

On April 15, 2013, Defendant filed an answer to the complaint asserting twenty-eight affirmative defenses.  (Doc. 12.)  Plaintiff filed a motion to strike all of Defendant's affirmative

defenses arguing that Defendant failed to satisfy the legal standard necessary to sustain any affirmative defense, because each is legally insufficient or does not provide Plaintiff with fair notice of the defense. (Doc. 13.) Defendant did not file an opposition to Plaintiff's motion to strike. The Court reviewed the motion and supporting documentation, and the matter was found suitable for decision without argument pursuant to U.S. District Court for the Eastern District of California's Local Rule 230(g); the hearing set for June 19, 2013, was vacated and the matter was taken under submission. (Doc. 15.) For the reasons set forth below, Plaintiff's motion to strike Defendant's affirmative defenses is GRANTED.

## II.     DISCUSSION

### A.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(f), the court is permitted to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defense may be insufficient as a matter of pleading or as a matter of substance. *Sec. People, Inc., Classic Woodworking, LLC,* No. C-04-3133 MMC, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005). An affirmative defense may be considered insufficiently pled where it fails to provide plaintiff with fair notice of the defense asserted. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). An affirmative defense is insufficient as a matter of law where "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Ganley v. Cnty. of San Mateo*, No. C06-3923 TEH, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007). A matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

As motions to strike a defense as insufficient are disfavored, they will not be granted if the insufficiency of the defense is not clearly apparent. *See* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed.) In ruling on a motion to strike, a "court[] may not resolve disputed and substantial factual or legal issues . . . . " *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks omitted). Because the purpose of pleading an affirmative defense is simply to give fair notice to the plaintiff of the defense being

asserted, leave to amend should be freely granted in absence of prejudice to the opposing party. *Wyshak*, 607 F.2d at 826- 27.

**B.     Affirmative Defenses Insufficiently Pled**

    **1.     First Affirmative Defense**

Defendant's first affirmative defense alleges that the complaint fails to state a claim. (Doc. 12, ¶ 6 ("The Complaint and each of the purported causes of action contained therein fail to allege facts sufficient to constitute a cause of action against these answering Defendants[1].").)  "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true.  In contrast, denials of allegations in the complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses."  *G&G Closed Circuit Events, LLC v. Nguyen*, No. 10-cv-00168, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010).  For this reason, as a technical matter, asserting that the complaint fails to state a claim is an argument that there is a defect in the plaintiff's prima facie case, which is not an affirmative defense.

On the other hand, Rule 12(h)(2) provides that the defense of failure to state a claim may be made in any pleading permitted or ordered under Rule 7(a), which includes the answer.  District courts are split over whether an assertion of a failure to state a claim should be stricken as an affirmative defense.  *Compare J&J Sports Prods., Inc. v. Vizcarra*, No. 11-1151 SC, 2011 WL 4501318, at *3 (N.D. Cal. Sept. 27, 2011) and *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) (striking defense, noting that failure to state a claim under Rule 12(b)(6) is more properly brought as a motion and not as an affirmative defense) *with Valley Community Bank v. Progressive Cas. Ins. Co.*, No. 5:11-cv-00574, 2011 WL 1833116, at *3 (N.D. Cal. May 13, 2011) (denying motion to strike failure-to-state-claim defense as one that may be raised in any pleading under Rule 12(h)(2) and *Robinson v. Adams*, No. 1:08-cv-01380-AWI-GSA, 2009 WL 4042894, at *1 (E.D. Cal. Nov. 20, 2009).

---

[1] Defendant's answer refers to more than one defendant, i.e., "Defendants."

3

Nonetheless, assuming the failure to state a claim defense is legally sufficient, the defense itself is a bare conclusion of law and provides no indication or notice to Plaintiff how the complaint fails to state a claim. As such, the defense is stricken as insufficiently pled. *Wyshack*, 607 F.2d at 827 ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff fair notice of the defense."). Defendant may amend the pleading to provide sufficient allegations as to *how* the complaint fails to state a claim. *Kohler v. Staples the Office Superstore, LLC*, __ F.R.D. __, 2013 WL 544058, at * 2 (S.D. Cal. Feb. 12, 2013) ("Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense."). To the extent that Defendant does not elect to amend this defense, as Judge Shubb noted in *J&J Sports Productions, Inc. v. Delgado*, No. CIV 2:10-2517 WBS KJN, 2011 WL 219594, at *2 (E.D. Cal. Jan 19, 2011), a defendant may file an appropriate motion to dismiss for failure to state a claim or a motion pursuant to Rule 12(c), and asserting it in the answer is not a necessary prerequisite to bringing such motions.

### 2. Second, Third, Fifteenth through Seventeenth, and Twenty-First Affirmative Defenses

Plaintiff contends that Defendant's second, third, fifteenth through seventeenth, and twenty-first affirmative defenses are applicable to contract causes of action, which were not alleged in the complaint. According to Plaintiff, the complaint specifically asserts that Defendant did not contract with Plaintiff to exhibit the Program. As such, Plaintiff maintains that these affirmative defenses are all immaterial and impertinent and should be stricken.

These affirmative defenses are set forth by Defendant as follows:

**SECOND AFFIRMATIVE DEFENSE**
7.   Plaintiff is barred from any recovery whatsoever against these answering Defendants due to the Plaintiff breaching any and all alleged agreements and contracts between the parties including any express and implied warranties, and negligently and carelessly performing its own obligations.

**THIRD AFFIRMATIVE DEFENSE**
8.   These answering Defendants alleges [sic], without admitting any liability whatsoever, and without admitting that any injuries of any nature were suffered by Plaintiff, that Plaintiff is barred from any recovery herein because of its breach of each and every term and provision of the agreements and contracts alleged in the Complaint, and its misrepresentations therein and thereon, and, the failure of consideration thereon.

### FIFTEENTH AFFIRMATIVE DEFENSE

20.   The Complaint, and each and every cause of action contained therein, [is] barred, in whole or in part, by the Statute of Frauds.

### SIXTEENTH AFFIRMATIVE DEFENSE

21.   The acts of the Plaintiff and the acts of the other parties herein prevented, precluded and excused these answering Defendants from performing its [sic] obligations, if any were unperformed at all.

### SEVENTEENTH AFFIRMATIVE DEFENSE

22.   Any duty or obligation to Plaintiff has been excused by the failure of consideration, waiver, breach of condition precedent, breach of contract, default, election of remedies, impossibility of performance, prevention, frustration of purpose and/or acceptance by Plaintiff, its representatives, agents, and/or employees.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

26.   The contract alleged in Plaintiff's complaint was a fully integrated contract and any separate, collateral, additional or supplemental agreements alleged or claimed by Plaintiff are barred by the Parole Evidence Rule.

The complaint does not allege a contract existed between Plaintiff and Defendant; thus these defenses appear immaterial.  Moreover, these defenses provide no factual details and fail to provide adequate notice to Plaintiff of the nature of the defenses or how they relate to the allegations in the complaint, particularly as these defenses pertain to contract claims.  As such, these defenses are STRICKEN.  It is not certain, however, that these defenses could not be amended; due to the conclusory nature of these defenses as pled, the Court cannot confidently conclude they are insufficient as a matter of law.  To the extent Defendant can cure the deficiencies by setting forth facts establishing how each defense relates to the claims pled in the complaint, leave to amend is granted.

**3.     Fourth Affirmative Defense**

Defendant's fourth affirmative defense alleges that "prior to the commencement of this action, Defendants duly paid, satisfied, and discharged the alleged claims of Plaintiff set forth in the Complaint herein, or were excused from performing thereon." (Doc. 12, ¶ 9.)  Plaintiff contends that, even assuming this defense has some relevance to the facts alleged in the complaint, Defendant's bare legal conclusion provides no notice of the nature of the defense.  Defendant provides no indication as to when or how any obligation to Plaintiff was "paid, satisfied, and discharged." (Doc. 13, 6:1-7.)

Plaintiff is correct. As with the majority of Defendant's affirmative defenses, there are no facts asserted that provide fair notice of the nature of this defense; rather, it merely states a threadbare legal conclusion. Accordingly, Defendant's fourth affirmative defense is STRICKEN with leave to amend.

### 4.     Fifth, Eighth, Ninth, Tenth, Eleventh, Twentieth, and Twenty-Fifth Affirmative Defenses

Defendant's fifth, eighth, ninth, tenth, eleventh, twentieth, and twenty-fifth affirmative defenses are pled as follows:

**FIFTH AFFIRMATIVE DEFENSE**
10.    These answering Defendants alleges [sic], without admitting any liability whatsoever, and without admitting that any damages of any nature were suffered by Plaintiff, that Plaintiff has waived all claims that it seeks to assert in this action, and/or is estopped to assert or recover on the claims.

**EIGHTH AFFIRMATIVE DEFENSE**
13.    These answering Defendants alleges [sic] that any and all events and happenings, injuries and damages, if any, referred to in Plaintiff's Complaint were proximately caused or contributed to by the negligence and fault of Plaintiff in that Plaintiff did not exercise ordinary care in [sic] its own behalf at the time and places referred to in the Complaint. Therefore, Plaintiff is completely barred from recovery herein. In the alternative, under the doctrine of pure comparative negligence and fault, said acts of Plaintiff reduces its right to recovery herein by the amount in which said acts contributed to their [sic] damages, if any.

**NINTH AFFIRMATIVE DEFENSE**
14.    These answering Defendants is [sic] informed and believes and based thereon alleges that any and all events and happenings in connection with the matters alleged in the Complaint, and the resulting injuries and damages, purportedly suffered by the Plaintiff, if any, were proximately caused and contributed to by the independent, intervening, negligent, intentional, willful and unlawful conduct of other defendants, independent third parties and/or their agents, which therefore bars Plaintiff from recovering the damages sought in the Complaint from these answering Defendants.

**TENTH AFFIRMATIVE DEFENSE**
15.    Plaintiff's complaint and each and every purported cause of action stated therein, and any damages recoverable thereunder, are reducible by the amount of damages incurred by these answering Defendants as a result of Plaintiff's wrongful acts, and/or the wrong-doing of others.

**ELEVENTH AFFIRMATIVE DEFENSE**
16.    Plaintiff is barred from relief by the doctrine of laches, waiver, estoppel, and unclean hands and each of said doctrines, due to its own acts and/or omissions with

reference to the subject matter of the Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

25. Plaintiff's complaint and each purported cause of action contained therein is barred by reason of Plaintiff's consent to the acts and/or conditions alleged in the complaint.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred by Plaintiff's license, consent and acquiescence to use of the property.

Plaintiff argues that each of these affirmative defenses is insufficiently pled and fails to provide adequate notice of the nature of the defense asserted. The Court agrees. The Federal Rules of Civil Procedure require that affirmative defenses be stated in simple, concise, and direct terms. Fed. R. Civ. P. 8(d)(1). In some cases, merely pleading the name of an affirmative defense is sufficient. *See, e.g., Am. Motorists Ins. Co. v. Napoli*, 166 F.2d 24, 26 (5th Cir. 1948) (holding that, in negligence action arising from car collision, pleading "contributory negligence" without extensive factual allegations is sufficient). The defense, however, must be articulated to such a degree that the plaintiff is not subject to unfair surprise. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) ("defendant nevertheless must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced"). The affirmative defenses above are mere legal conclusions and fall short of providing Plaintiff notice of the nature of the defenses asserted. Further, it is not clear how many of these defenses are relevant to the allegations in the complaint. For example, Defendant's eighth affirmative defense alleges that Plaintiff acted with contributory negligence and shares comparative fault. (Doc. 12, ¶ 13.) There are no negligence claims alleged in the complaint; thus, unlike *Napoli*, merely pleading the name of the affirmative defense is not sufficient. Therefore, the fifth, eighth, ninth, tenth, eleventh, twentieth, and twenty-fifth affirmative defenses are STRICKEN. Defendant is permitted leave to amend to the extent the deficiencies can be corrected and to the extent that the defense is relevant to the allegations in the complaint.

**5.     Seventh Affirmative Defense**

Defendant's seventh affirmative defense alleges Plaintiff's claims are "barred, in whole or [in part], by reason of the applicable statute of limitations set forth in Code of Civil Procedure, including

but not limited to, Sections 337, 338, 339, 340, and 343." (Doc. 12, ¶ 12.) The statute of limitations governing actions pursuant to 47 U.S.C. § 605 is one year. *DirecTv, Inc. v. Webb*, 545 F.3d 837, 847-48 (9th Cir. 2008). The statue of limitations for claims arising under 47 U.S.C. § 553 is either one, two, or three years. *See J&J Prods. v. Soto*, No. 10-cv-885-LAB (CAB), 2010 WL 3911467, at *1 (S.D. Cal. Sept. 28, 2010). Finally, the statute of limitations is three years for a conversion claim (Cal. Code Civ. Pro. § 338(c)), and four years for a claim under Section 17200 (Cal. Bus. Prof. Code § 17208). Plaintiff filed its complaint on November 29, 2012, and the Program aired on December 3, 2011. Given the allegations in the complaint, it is unclear how the statutes of limitations bar Plaintiff's causes of action. Specifically, Defendant does not allege any theory or facts giving Plaintiff notice how the claims are outside the applicable limitation periods, despite the allegations in the complaint. *J&J Sports Prods., Inc. v. Mendoza-Govan*, No. C 10-05123 WHA, 2011 WL 1544886, at *4 (N.D. Cal. Apr. 25, 2011). This defense is STRICKEN with leave to amend. Nonetheless, as noted in *Mendoza-Govan*, the Court declines to find that Plaintiff's claims are definitively timely under the applicable statute of limitations. *See SEC v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995) ("Even when the defense under attack presents a purely legal question, the courts are reluctant to determine disputed or substantial questions of law on a motion to strike.").

      **6.    Nineteenth and Twenty-Sixth Affirmative Defenses**

Defendant's nineteenth affirmative defense states that Defendant "at all times acted in good faith and observed all reasonable standards in its actions and dealings with Plaintiff." (Doc. 12, ¶ 24.) Defendant's twenty-sixth affirmative defense states that "Plaintiff's claims are barred because any alleged unauthorized publication was not caused by a volitional act attributable to the Defendant." (Doc. 12, ¶ 31.)

Plaintiff contends that both of these are good-faith defenses which are inapplicable to the causes of action pled. Specifically, a claim of conversion and violations of 47 U.S.C. §§ 553 and 605 are strict liability offenses − there can be no "good faith" defense. *Don King Prods./Kingsvision v. Lovato*, No. C-95-2827 (THE), 1996 WL 682006, at *3 (N.D. Cal. Nov. 15, 1996). Accordingly, Plaintiff maintains that these defenses are insufficient as a matter of law.

Pursuant to Sections 553 and 605, a "[p]laintiff need not establish 'willfulness' in order to establish liability." *Joe Hand Promotions, Inc. v. McInnis*, 10–CV–01614–LHK, 2011 WL 1740109, at *7 (N.D. Cal. May 5, 2011); *see also J & J Sports Prods., Inc. v. Delgado*, CIV. 2:10–2517 WBS, 2012 WL 371630, at *3 (E.D. Cal. Feb. 3, 2012) ("Both § 553 and § 605 are strict liability statutes."). Thus, a defendant's good faith or lack of willfulness is not a defense to liability. Nonetheless, it is a defense to the amount of statutory damages that may be awarded. *See J & J Sports Prods. v. Coyne*, 857 F. Supp. 2d 909, 917 n.8 (N.D. Cal. 2012) ("It appears that Double Play acted in good faith when it purchased the Program from Comcast by contacting Comcast and asking how it could go about obtaining the Program. But that good faith does not affect Double Play's liability under § 553. However, the Court may take Double Play's good faith into account when it sets damages.")

Here, these defenses are insufficiently pled as they contain no factual allegations regarding how Defendant acted in good faith or performed no volitional act with respect to unlawful exhibition of the Program. To the extent that Defendant amends these defenses to set forth a factual predicate for his purported good faith or lack of a volitional act, the Court does not find the defenses insufficient as a matter of law. Further, amendment of the defenses is not prejudicial to Plaintiff because the defense of good faith may always be asserted during the course of the litigation to limit the extent of statutory damages awarded under Sections 553 or 605, even if good faith itself is not a defense to liability. Defendant's nineteenth and twenty-sixth affirmative defenses are STRICKEN with leave to amend.

**7.     Twenty-Second through Twenty-Fourth Affirmative Defenses**

Defendant's twenty-second defense "pleads the defense of the doctrine of fair use" and Defendant's twenty-third affirmative defense states that "Plaintiff's claims are barred under the Digital Millennium Act 17 U.S.C. § 512." (Doc. 12, ¶¶ 27, 28.) Defendant's twenty-fourth affirmative defense provides that "Plaintiff's claims are barred by implied license." (Doc. 12, ¶ 29.)

Plaintiff asserts that all three of these affirmative defenses are copyright defenses, yet there are no copyright claims pled in the complaint. Plaintiff contends that these defenses should be stricken as immaterial and impertinent. Further, even to the extent they are not immaterial, Plaintiff argues that the defenses provide only bare legal conclusions and give no notice as to how the doctrines of fair use, implied use, or a copyright statute relevant to online materials would have any relevance to this case.

9

These affirmative defenses are stated as mere legal conclusions, and it is not evident what relevance the defenses have to this action; as Plaintiff noted, these are generally considered defenses to copyright claims and no copyright claims have been pled in the complaint. As such, the defenses are STRICKEN as insufficiently pled. To the extent that these affirmative defenses have relevance to the facts and claims alleged in the complaint, any amended defense must provide a theory establishing the relevance to Plaintiff's claims.

### 8. Twenty-Seventh Affirmative Defense

Defendant's twenty-seventh affirmative defense asserts that "Plaintiff's claims are barred because statutory damage[s] sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process Clause." (Doc. 12, ¶ 32.) Plaintiff asserts that, other than merely denying an element of Plaintiff's causes of action, i.e., damages, Defendant provides no support for the assertion that seeking damages statutorily provided for by Congress is unconstitutional. As such, Plaintiff contends Defendant has failed to provide fair notice of the defense. The Court agrees that this defense is insufficient as there is no theory pled establishing how the damages sought are unconstitutional. Moreover, it is not clear that this defense amounts to more than a denial of Plaintiff's asserted right to damages. The twenty-seventh affirmative defense is STRICKEN with leave to amend.

### C. Affirmative Defenses Insufficient as a Matter of Law, Redundant, or Immaterial

According to Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading an 'insufficient defense' or any 'redundant,' 'immaterial,' 'impertinent,' or 'scandalous matter.'" Fed. R. Civ. P. 12(f). The Ninth Circuit defines "immaterial matter" as matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded," and "impertinent matter" as "statements that do not pertain, and are not necessary, to the issues in question." *Fantasy*, *Inc.*, 984 F.2d at 1524.

### 1. Sixth Affirmative Defense

Defendant's sixth affirmative defense contends that "Plaintiff[,] with full knowledge of all pertinent facts and information, failed to mitigate any damages it might have sustained." (Doc. 12, ¶ 11.) Plaintiff asserts that the defense is insufficiently pled, it has no legal significance in this case,

10

1. and it should be stricken as legally insufficient. (Doc. 13, 6:21-7:4.)

Here, the complaint alleges no continuing harm. Rather, Plaintiff's claims arise from Defendant's alleged unauthorized showing of the Program, a discrete event. Generally, the duty to mitigate arises when the injured party has an opportunity to prevent continuation or enhancement of the injury. *See generally Valle de Oro Bank v. Gamboa*, 26 Cal. App. 4th 1686, 1691 (1994). Defendant's assertion that Plaintiff failed to mitigate damages has "no essential or important relationship to the claim for relief," and the defense is STRICKEN as immaterial. *Fantasy*, *Inc*., 984 F.2d at 1527.

### 2. Twelfth and Thirteenth Affirmative Defenses

Defendant's twelfth affirmative defense states that "[n]o act or conduct of these answering Defendants caused any damage or injury to Plaintiff." (Doc. 12, ¶ 17.) Defendant's thirteenth affirmative defense asserts that "[t]he damages called by Plaintiff, or to which Plaintiff is entitled to recover, if any, are de minimis and trivial in nature." (Doc. 12, ¶ 18.) Plaintiff asserts that these are not affirmative defenses, but denial of elements of Plaintiff's causes of action, i.e., damages; Plaintiff argues these damages should be stricken as redundant.

As these are not defenses to liability, but merely deny Plaintiff's right to the damages it seeks, they are not truly affirmative defenses. *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987) ("Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true."); *see also Nguyen*, 2010 WL 3749284, at *5 ("In contrast, denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claim are not affirmative defenses.") Thus, the defenses are STRICKEN without leave to amend. As these are not affirmative defenses, however, Defendant is not precluded from raising these defenses during the course of the litigation.

### 3. Fourteenth Affirmative Defense

Defendant's fourteenth affirmative defense alleges as follows:

19. The Complaint and each of the purported causes of action therein fails to state facts sufficient to support an award of attorney's fees against these answering Defendants. These answering Defendants [have] incurred, and will incur in the future, attorney's fees against these answering Defendants has incurred, and will incur in the

>future, attorney[']s fees and costs and request an award of attorney[']s fees and costs to be paid by the Plaintiff pursuant to the contract terms and provisions.

This defense is legally insufficient for two reasons. First, the denial of sufficient facts pled in the complaint to support an award of attorney's fees is a denial of an element of Plaintiff's damages, and is not actually an affirmative defense. *Kohler v. Bed Bath & Beyond of Cal., LLC*, No. CV 11-4451 RSWL (SPx), 2012 WL 424377, at *2 (C.D. Cal. Feb. 8, 2012) (striking affirmative defense that the plaintiff had no basis for attorney's fees as "a failure of Plaintiff's prima facie case" and not an affirmative defense). Second, Defendant's assertion that he has incurred attorney's fees and will seek an award of attorney's fees in the future is essentially an affirmative request for relief, not a defense. *Doyle v. Ill. Cent. R.R. Co.,* No. CV F 08-0971, 2008 WL 4838556, at *3 (E.D. Cal. Nov. 5, 2008) ("An affirmative defense is a defense, not a claim for affirmative relief."). This defense is legally insufficient, and it is STRICKEN with prejudice and without leave to amend.

### 4. Eighteenth Affirmative Defense

Defendant's eighteenth affirmative defense states, "[Defendants] may have additional, as yet unstated, affirmative defenses available. (Doc. 12, ¶ 23.) Defendant, however, may not reserve the right to assert affirmative defenses for a future date. *See Solis v. Zenith Capital, LLC*, No. C 08-4854 PJH, 2009 WL 1324051, at *7 (N.D. Cal. May 8, 2009) ("An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself.") If Defendant wishes to amend any affirmative defenses during the course of discovery, such an amendment request must comply with Rule 15. As noted in *Solis*, "Defendant cannot avoid the requirements of Rule 15 simply by 'reserving the right to amend or supplement their affirmative defenses.'" *Id.* at *7. Hence, this is an insufficient defense as a matter of law and is STRICKEN without leave to amend.

### 5. Twenty-Eighth Affirmative Defense

Defendant's twenty-eighth affirmative defense asserts that "[t]he relief sought under Title 47 Section 553 (count two) and 605 (count one), constitute inconsistent legal remedies in that the former applies to cable systems, while the latter applies to radio systems." (Doc. 12, ¶ 33.) To the extent that Defendant is asserting that Plaintiff cannot recover under both Count 1 and Count II of the complaint because it is impossible to have one occurrence that is both simultaneously a violation of Section 553

(cable) and Section 605 (satellite), Defendant is correct. Plaintiff may not recover under both Section 553 and Section 605 for a single violation. *J&J Sports Prods., Inc. v. Manzano*, No. C-08-01872, 2008 WL 4542962, at *2 (N.D. Cal. Sept. 29, 2008) ("A signal pirate violates section 553 if he intercepts a cable signal, he violates section 605 if he intercepts a satellite broadcast. But he cannot violate both by a single act of interception."). In the pleadings, however, "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). Defendant is free to raise this defense during the course of the litigation, but it is not an affirmative defense. The twenty-eighth affirmative defense is STRICKEN without leave to amend.

### III.  CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff's Motion to Strike affirmative defenses in Defendant's answers is GRANTED.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Strike Defendant's Sixth, Twelfth, Thirteenth, Fourteenth, Eighteenth, and Twenty-eighth Affirmative Defenses is GRANTED with prejudice to amendment;

2. Plaintiff's Motion to Strike all other affirmative defenses is GRANTED without prejudice to amendment;

3. Any amended affirmative defenses must be filed on or before July 17, 2013; and

4. If Defendant does not elect to amend the affirmative defenses, the answer filed on April 15, 2013 (Doc. 12), shall be deemed the operative answering pleading, but all the affirmative defenses therein are stricken.

IT IS SO ORDERED.

Dated: **June 28, 2013**              **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE